JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Kimberly Rock, appeals from the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of defendants-appellees, Michigan Mutual Insurance Company and Ford Motor Company. Finding no merit to appellant's appeal, we affirm.
{¶ 2} The record reflects that on October 16, 1995, appellant was involved in an automobile accident with Christine Peterson. At the time of the accident, appellant was married to Robert Brown, although they were not living together and a divorce was pending.
{¶ 3} Appellant sustained injuries to her knees and back in the accident. In July 1997, she entered into a settlement agreement with Peterson's insurance carrier for the policy limits on the claim. The release document executed by appellant in favor of Peterson stated, in pertinent part:
 {¶ 4} It is further represented by the undersigned that at the time of the accident she was married to Robert Brown, that they separated prior to the accident and that a divorce was pending. Further the undersigned agrees to indemnify and hold harmless Christine R. Peterson and Western Reserve Mutual Casualty Company from and against all claims that her former husband may present for loss of service, consortium, etc.
{¶ 5} On October 14, 2000, appellant presented an underinsured motorist claim to Michigan Mutual Insurance Company based upon the October 16, 1995 accident. At the time of the accident, appellant's estranged husband was employed by Ford Motor Company, which had an insurance policy with Michigan Mutual Insurance Company. That insurance policy contained an underinsured motorists endorsement, which stated in pertinent part as follows:
{¶ 6} B. Who is an insured.
{¶ 7} 1. You.
{¶ 8} 2. If you are an individual, any family member.
{¶ 9} The policy defined the term family member as:
{¶ 10} F. Additional Definitions
{¶ 11} As used in this endorsement:
 {¶ 12} 1. `Family member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
{¶ 13} Michigan Mutual subsequently denied appellant's claim for underinsured motorist coverage on the basis that she was not an insured because she did not qualify as a family member under the terms of the policy. On February 15, 2001, appellant filed suit, seeking relief under her estranged husband's insurance policy pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660 and Ezawa v. Yasadu Fire Marine Ins. Co. of American (1999), 86 Ohio St.3d 557.
{¶ 14} On December 18, 2001, the trial court granted appellees' motion for summary judgment and denied appellant's cross-motion for summary judgment. In its journal entry granting appellees' motion, the trial court stated:
 {¶ 15} [T]he court finds that plaintiff is not an `insured' as that term is defined in Michigan Mutual Insurance Company's policy of insurance because although she was a `family member' under the terms of the policy she clearly was not a resident of her estranged husband's household. The court finds no ambiguity in the term `resident' appearing in the subject policy of insurance.
{¶ 16} Appellant timely appealed, raising one assignment of error for our review. Appellant contends that the trial court erred in granting appellees' motion for summary judgment and denying her cross-motion for summary judgment because the trial court's determination that she was not a family member as defined in the Michigan Mutual Insurance Company policy was contrary to law.
{¶ 17} This court reviews the trial court's judgment regarding a motion for summary judgment de novo and uses the same standard that the trial court applies under Civ.R. 56(C). See Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326, 333; North Coast Cable Ltd. Partnership v. Hanneman (1994), 98 Ohio App.3d 434, 440. Summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
{¶ 18} Appellant first contends that because the policy does not define the term resident, the language is ambiguous and therefore the exclusion is invalid. We disagree. This court has repeatedly held that the term resident of your household is not ambiguous. In Saleem v. Aetna Casualty and Surety Co. (Jan. 20, 1977), Cuyahoga App. No. 35418, for example, this court held that where the minor children of the insured lived with the insured's ex-wife, rather than the insured, the children were not covered by the insurance policy. The policy at issue provided that relatives of the insured were covered by the policy, but defined relative as a person related to the named insured by blood, marriage or adoption who is a resident of the same household * * *. On appeal, appellant and his minor daughter argued, as appellant does here, that the term resident of the same household was ambiguous and therefore should be construed to include the minor children. This court disagreed, stating:
 {¶ 19} [T]he term `resident of the same household' is not ambiguous but instead has a well-settled construction. Black's Law Dictionary, 4th Edition, giving credit to Webster, defines household as `those who dwell under the same roof and compose a family.'
 {¶ 20} [T]he interpretation of `resident of the same household' as used in insurance policies and as used in the insurance policy at issue would seem to require the appellant * * * and his daughter * * * to live together as part of a family under the same roof.
{¶ 21} Similarly, in Carter v. Nationwide Ins. Co. (Feb. 14, 1991), Cuyahoga App. No. 59994, this court also found the term resident of the same household unambiguous. In Carter, the insurance policy extended the same coverage offered the insured to relatives living in your household. Citing the definition set forth in Saleem, supra, we affirmed the trial court's grant of summary judgment in favor of the insurance company, finding that the failure of the appellant * * * to reside in the same household with the policyholder as a single family group prevented insurance coverage from being extended to [her]. Id.
{¶ 22} Appellant concedes that she was not living with Robert Brown at the time of the accident but contends that the term resident should not exclude her from coverage because she was still married to Brown at the time of the accident and could have resumed living with him at any time. We find appellant's argument unpersuasive.
{¶ 23} The case law is clear that where a spouse of a named insured is covered if the spouse is a resident of the same household, but the parties have separated and are no longer living together, continued coverage turns on whether the parties intend a permanent separation. Grange Mutual Casualty Co. v. State Auto. Mutual Ins. Co. (1983),13 Ohio App.3d 217, 218, citing Annotation (1979), 93 A.L.R.3d 420, 429-437. See, also, Kemper Group Ins. Cos. v. O'Malley (Dec. 23, 1993), Cuyahoga App. No. 64178 (reversing trial court order granting summary judgment to insurance company on appellant's uninsured motorist claim because there was a question of fact regarding whether appellant and wife had intended a permanent separation or had separated).
{¶ 24} Thus, in Beckett v. Ohio Casualty Ins. Co. (Sept. 30, 1971), Cuyahoga App. No. 31018, this court held that the insured and his wife were not residents of the same household within the meaning of that clause in an insurance policy issued to the insured where the husband and wife were residing in separate residences pending the outcome of a divorce suit when the wife's accident occurred.
{¶ 25} Here, it is apparent that appellant and Brown intended their separation to be permanent. The statements made in the release executed by appellant in favor of Christine Peterson clearly indicate that appellant had no intention of returning to Brown's household. In that document, appellant stated that although she was married to Brown at the time of the accident, she and Brown had separated prior to the accident and * * * a divorce was pending. Indeed, as reflected in appellant's answers to appellees' interrogatories, she did not even know Brown's residence address at the time of the accident. In light of this unrefuted evidence, the trial court did not err in finding that appellant was not a resident of Brown's household at the time of the accident and, therefore, that she did not qualify as a family member under the terms of the policy.
{¶ 26} Appellant contends, however, that this case is similar to Stafford v. Soha (Aug. 16, 2001), Cuyahoga App. No. 78666, in which this court reversed the trial court judgment granting summary judgment in favor of the insurance company, finding that the daughter-in-law of the policyholder was a relative for purposes of the policy even though she was not living with the policyholder at the time of the accident. Appellant contends that we should likewise extend coverage to her, despite the restrictive language in the Michigan Mutual Insurance Company policy.
{¶ 27} Stafford is easily distinguishable from this case, however. In Stafford, the policy extended coverage to relatives and defined the term relative as one who regularly lives in your household, related to you by blood, marriage or adoption (including a ward or foster child). It also specifically provided that A relative may live temporarily outside your household. (Emphasis added). In light of this language, this court found that the although the daughter-in-law irregularly and intermittently moved in and out of the policyholder's home, she was a relative under the terms of the policy.
{¶ 28} Here, however, the policy language is clear: a family member must be a resident of the insured's household. There is no language in the policy permitting a person who lives even temporarily outside the policyholder's home to be considered a resident.
{¶ 29} Appellant also refers us to language in Stafford in which this court suggested that the exclusion of non-residential relatives from underinsured motorist coverage is invalid pursuant to Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27.[1] Moore is silent, however, regarding the validity of uninsured/underinsured motorist provisions which exclude relatives who do not live with the policyholder. Accordingly, we reject appellant's argument that the family member exclusion in the Michigan Mutual Insurance Company policy is violative of R.C. 3937.18(A)(1).
{¶ 30} Appellant's assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. AND COLLEEN CONWAY COONEY, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] [W]e must give effect to the pronouncement that insurance policies with uninsured/underinsured motorist provisions excluding relatives who do not live with the policyholder violate R.C. 3937.18(A)(1). Stafford, supra.