GRANGE MUTUAL CASUALTY COMPANY, APPELLANT, *v.* STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ET AL., APPELLEES.

(No. C-830166—Decided December 14, 1983.)

*Messrs. Gustin & Lawrence, Mr. James W. Gustin* and *Mr. Christopher J. Mehling,* for appellant.

*Mr. Joseph W. Gelwicks,* for appellees State Auto. Mut. Ins. Co. and Debra Sue Ridener.

*Mr. Chris Erhardt,* for appellee William M. List.

*Mr. Kenneth Seibel,* for appellee Mary R. Holbrook.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Grange Mutual Casualty Company, brought an action for declaratory judgment with respect to its liability under the uninsured motorist provision of the policy issued to its insured. The insured was killed in an automobile accident allegedly caused by Robert Ridener. The crucial issue was whether Mr. Ridener was a "named insured" under his estranged wife's automobile insurance policy with defendant-appellee State Automobile Mutual Insurance Company. The trial court found that Mr. Ridener was not insured under his estranged wife's policy and granted summary judgment in favor of the defendants. From this judgment, appellant now appeals.

Appellant brings four assignments of error. In the first assignment, appellant contends that the court erred in failing to either overrule the motion for summary judgment or continue the motion until such time as would allow for additional discovery. The assignment is without merit. Civ. R. 56(F) provides for an order of continuance to permit discovery where the affidavits of the party opposing the motion reflect that he cannot, for sufficient reasons stated, present by affidavit facts essential to justify his opposition. The motion filed by appellant was not sup-

ported by affidavits. Thus, the court was free to consider the merits of the motion for summary judgment. See *Gates Mills Investment Co.* v. *Pepper Pike* (1978), 59 Ohio App. 2d 155, 168-172 [13 O.O.3d 191].

In the second assignment of error, appellant asserts as error the court's finding that the Rideners were permanently separated. In order for the appellant to be immune from liability, it was necessary for the court to find that Mr. Ridener, the alleged tortfeasor, was a "named insured" under his estranged wife's insurance policy. Under the policy, a spouse of a named insured was covered if the spouse was "a resident of the same household." Where the parties have separated and are no longer living together, continued coverage turns on whether the parties intend a permanent separation. See Annotation (1979), 93 A.L.R. 3d 420, 429-437. A careful review of the record reflects that the insured, Mrs. Ridener, had no intention of returning to her husband. Mr. Ridener was not, as a matter of law, a resident of Mrs. Ridener's household. The assignment is overruled.

Appellant next asserts that the court erred in granting summary judgment as there were issues of fact present. Reviewing the evidence in a light most favorable to appellant, we find that the motion was properly granted under Civ. R. 56. The assignment is without merit.

In the last assignment of error, appellant claims that the court erred in granting summary judgment on the issue of whether the owner of the automobile driven by Mr. Ridener had given Mr. Ridener permission to drive that automobile. Appellant claimed that, as a named insured, he was covered with respect to an automobile not owned by the insured, Mrs. Ridener, as long as he had the permission of the owner to drive the automobile. However, appellant concedes in its brief that the issue of permission is without merit if Mr. Ridener is not found

to be a named insured. Having previously affirmed the trial court's finding that Mr. Ridener was not a named insured, the assignment is overruled.

All the assignments of error having been ruled upon, it is the decision of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

PALMER, P.J., BLACK and KLUSMEIER, JJ., concur.