OPINION
{¶ 1} On December 10, 2007, the common pleas court revoked Defendant's community control, imposed two consecutive prison terms of six months and twelve months on counts one and two respectively, and, after summarily determining that the amount of restitution Defendant owes for two convictions for non-support *Page 2 
is $23,133.19, ordered Defendant to pay restitution in that amount to a particular victim of his offense(s).
 {¶ 2} Defendant disputed the amount of restitution the court summarily determined, asserting that approximately one-half that amount was based on a charge that had been dismissed. On that same basis, Defendant also challenged the court's finding concerning the person to whom the $23,133.19 in restitution is owed. The court then explained the basis for its determination.
 {¶ 3} R.C. 2929.18(A)(1) authorizes the court to order restitution by a criminal offender to the victim of his crime, in an amount based on the victim's economic loss. That section identifies sources from which the court may summarily determine an amount of restitution owed, and further provides: "If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender . . . disputes the amount" of restitution the court determines.
 {¶ 4} We believe that the hearing provision in R.C. 2929.18(A)(1) requires more than took place here. A "hearing" is a judicial proceeding held to determine issues of fact or law. The hearing required by R.C. 2929.18(A)(1) necessarily involves prior notice of the causes of restitution, evidence showing the amount of restitution owed, and opportunity *Page 3 
afforded a defendant to be heard in opposition to the restitution determination. That hearing requirement compensates for the lack of any other notice that restitution may be imposed, and involves the minimal due process that is statutorily triggered by the defendant's dispute of an amount that was summarily determined by the court.
 {¶ 5} Defendant filed a timely notice of appeal from the trial court's sentencing order. In his first three assignments of error Defendant argues that, for several reasons, the trial court erred when it determined that he owes restitution in the amount of $23,133.19 to a particular person. Those issues are best resolved by a hearing on the amount of restitution owed, which the trial court erroneously denied Defendant after he disputed the amount of restitution the court summarily determined. R.C. 2929.18(A)(1). Defendant's second assignment of error concerns that failure, and is therefore sustained. That ruling renders his first and third assignments of error moot. App. R. 12(A)(1)(c).
 {¶ 6} Defendant's fourth assignment of error challenges the prison sentences the court imposed. Defendant argues that the term is excessive, but then concedes that it is permitted by the holding inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and he admits that for that reason the error he *Page 4 
assigns is necessarily frivolous under the rule of Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. We are at a loss to know what to make of that contention, because frivolous error offers no basis for reversal. Crim. R. 52. The fourth assignment of error is overruled.
 {¶ 7} Having sustained Defendant's second assignment of error, we will reverse the trial court's restitution order and remand the case for a hearing on the amount of restitution owed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
Kirsten A. Brandt, Esq.
Eric A. Stamps, Esq.
 Hon. A. J. Wagner *Page 1