[Cite as *Kellogg v. Griffiths Health Care Group*, 2011-Ohio-1733.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

LAURA J. KELLOGG,

    PLAINTIFF-APPELLEE,                 CASE NO. 9-10-59

    v.

GRIFFITHS HEALTH CARE GROUP,        O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 2009 CV 0291

**Judgment Affirmed**

Date of Decision: April 11, 2011


APPEARANCES:

    *Geoffrey E. Webster* **for Appellant**

    *Derek F. Bricker and William W. Patmon, III* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Griffiths Health Care Group ("GHCG"), appeals the judgment of the Marion County Court of Common Pleas denying GHCG's motion for a stay of proceedings pending arbitration of the complaint of Plaintiff-Appellee, Laura K. Kellogg ("Kellogg") for wrongful termination. On appeal, GHCG contends that the trial court erred in its finding that GHCG did not have a valid arbitration agreement. For the reasons set forth below, the judgment is affirmed.

{¶2} Kellogg worked as a business office manager at GHCG's Harding Pointe nursing home facility in Marion, Ohio, from approximately October 4, 2007 until she was terminated on October 17, 2008. Kellogg originally worked as a "leased employee" through Diversified Employment Solutions, Inc. ("DES"), but was later hired directly by GHCG after GHCG ended its contractual relationship with DES. GHCG maintains that it hired Kellogg on October 16, 2007, although Kellogg insists that she was an employee of DES until sometime in January 2008.

{¶3} On September 29 and October 10 of 2008, Kellogg was verbally and physically assaulted by a resident at the facility and she claimed that she sustained injuries requiring medical treatment. Kellogg filed a workers' compensation claim and also filed felonious assault and aggravated menacing charges against the

patient. GHCG claimed Kellogg violated policies and terminated her on October 17, 2008. On April 3, 2009, Kellogg filed a complaint[1] for wrongful termination.

{¶4} Motions, discovery practice, and status conferences proceeded in this case for nearly one year. On March 15, 2010, GHCG filed a Motion for Stay of Proceedings Pending Outcome of Arbitration ("Motion for Stay"). GHCG claimed that Kellogg signed GHCG's application for employment on October 16, 2007, which allegedly contained the following arbitration clause.

> **Agreement to Arbitrate Disputes. I agree that any dispute, claim or controversy which may arise between me and the Company with regard to this Application for Employment or with regard to my employment by the Company if hired, including any claim that I was note [sic] hired or that I was disciplined or discharged as a result of my age, sex, color, race, creed, national origin, religious persuasion, or disability or in violation of Ohio law, shall be subject to and fully settled by mandatory and binding arbitration ***.**

Kellogg filed a response to the Motion for Stay; GHCG filed a reply; a teleconference was held and Kellogg was granted permission to file a surreply due to newly discovered evidence on the subject; and, GHCG filed a reply to Kellogg's surreply.

{¶5} In her motions arguing against the Motion for Stay, Kellogg made the following arguments: she worked for DES, not GHCG, at the time the document

---

[1] Kellogg later filed a motion for leave to file an amended complaint, which was not opposed. Kellogg's motion was granted and was deemed filed as of August 25, 2010. GHCG did not file an answer to the amended complaint.

was allegedly signed on October 16, 2007 (and she provided paystubs and a W-2 listing DES as her employer); "Company" is not defined in the alleged arbitration agreement or documents, so there is no way to know the identity of that party; the agreement is incomplete because GHCG only provided one page/section and not the entire document; and, Kellogg submitted an affidavit disputing that it was her signature, claiming that it was different from a signature on a similar document she signed with DES on October 2, 2007. Furthermore, Kellogg argued that GHCG waived the right to arbitrate because it failed to plead an arbitration clause as an affirmative defense pursuant to Civ.R. 8(C) and because GHCG acquiesced and actively participated in litigation for nearly a year before raising the matter.

{¶6} GHCG claimed that it did not know it possessed the document with the arbitration agreement until discovering it just before filing the Motion to Stay; that Kellogg was an employee of GHCG and DES was only handling its payroll; that Kellogg was bound by the terms of the valid arbitration agreement; and, that it did not waive its right to arbitrate based on the totality of the circumstances and the fact that there was no prejudice.

{¶7} The trial court reviewed all of the materials submitted by the parties, although it did not hold an evidentiary hearing. On September 8, 2010, the trial court overruled GHCG's Motion to Stay, finding that "this Court cannot say that it is convinced that [GHCG] has demonstrated a valid arbitration agreement." (Sept.

8, 2010 J.E.) It is from this judgment that GHCG now appeals, raising the following two assignments of error.

## First Assignment of Error

**The trial court erred in not applying the presumption of arbitrability.**

## Second Assignment of Error

**The trial court erred to the substantial prejudice of [GHCG] in denying [GHCG]'s motion to stay the proceedings pending outcome of the arbitration.**

{¶8} As a preliminary matter, we note that an order which grants or denies a stay of proceedings pending arbitration is a final appealable order. R.C. 2711.02(C). Ohio and federal courts recognize that there is a strong presumption in favor of arbitration and they encourage arbitration to settle disputes. *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500, 1998-Ohio-612, 692 N.E.2d 574. The public policy in favor of arbitration is reflected in R.C. 2711.02(B):

> **If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.**

{¶9} Typically, a decision to grant or deny a stay of proceedings pending arbitration is reviewed under an abuse-of-discretion standard. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶15. However, a de novo standard of review is appropriate when the appeal presents a question of law. Id.; *Barhorst, Inc. v. Hanson Pipe & Prods. Ohio, Inc.*, 169 Ohio App.3d 778, 2006-Ohio-6858, 865 N.E.2d 75, ¶10. Furthermore, when a trial court makes factual findings, such as any findings regarding the circumstances surrounding the making of the contract, those factual findings should be reviewed with great deference. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶38; *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684 (contract interpretation, a question of law, is reviewed de novo, "[u]nlike determinations of fact which are given great deference").

{¶10} In its two assignments of error, GHCG argues that the arbitrability of a claim is a question of law which must be reviewed de novo and that any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration. GHCG argues that there "is no dispute that [Kellogg] signed the Arbitration Agreement, nor that the Arbitration Agreement applies to the dispute and claims" in the case. (Appellant's Br., p. 8.) Therefore, GHCG believes the trial court should have ruled in favor of arbitration.

**{¶11}** However, this is not a case where the trial court was simply asked to examine or interpret the extent or applicability of an arbitration clause to a particular matter. The first preliminary issue that needed to be resolved was whether or not the contract was agreed to by the parties involved. In spite of GHCG's claims, there were serious questions of fact as to whether the document in question was signed by Kellogg and whether GHCG was the employer or "Company" referenced in the document.

**{¶12}** Prior to making any determination regarding the arbitrability of any issue raised by the parties' claims, a court must first determine whether the written arbitration agreement being invoked is in fact enforceable under basic contract precepts. *Benjamin v. Pipoly*, 155 Ohio App.3d 171, 2003-Ohio-5666, 800 N.E.2d 50, ¶31. Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed in writing to arbitrate. *Council of Smaller Enterprises v. Gates McDonald & Co.* 80 Ohio St.3d 661, 665, 1998-Ohio-172, 687 N.E.2d 1352; *I Sports v. IMG Worldwide, Inc.,* 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4, ¶10. "To determine whether arbitration is appropriate, we must first look to whether the parties agreed to arbitrate an issue in dispute, not to a general policy goal in favor of arbitration." *Klausing v. Chef Solutions, Inc.*, 3d Dist. No. 1-07-34, 2007-Ohio-6014, ¶9, citing

*E.E.O.C. v. Waffle House Inc.* (2002), 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755.

**{¶13}** It is not for this Court to make findings of fact. We must give deference to the trial court's findings that GHCG did not satisfactorily demonstrate the existence of a valid arbitration agreement. An appellate court is to afford deference to a trial court's decision and "must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court." *Myers v. Garson*, 66 Ohio St.3d 610, 616, 1993-Ohio-9, 614 N.E.2d 742. The record in this case contained Kellogg's affidavit stating that the signature on the arbitration agreement was not hers, along with other evidence calling into question whether GHCG was her employer at that time and even whether it was the "Company" referenced in the agreement. The record supports the trial court's finding that there was insufficient evidence of the existence of a valid agreement which provided for arbitration.

**{¶14}** However, even if that were not the case, we also find that GHCG's failure to timely bring the matter to the attention of the trial court constitutes a waiver. Like any other right that attaches under a contract, the right to arbitration may be waived. *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. No. 01AP-1016, 2002-Ohio-4299, ¶18, citing *Griffith v. Linton* (1998), 130 Ohio App.3d

746, 751, 721 N.E.2d 146. Courts have found the right to proceed with arbitration is adversely affected when a party has acted inconsistently with the right, such as actively participating in litigation. Id. Waiver attaches where there is active participation in a lawsuit, "evincing an acquiescence to proceeding in a judicial rather than arbitration forum." *Griffith*. at 752, 721 N.E.2d 146.

{¶15} The General Assembly, when enacting R.C. 2711.02, did not specify at what point in the litigation process a party must file an application for stay to preserve the right to arbitrate and various courts of appeals have sometimes differed regarding the timeliness of a motion for stay of proceedings and referral to arbitration. See *Harsco Corp. v. Crane Carrier Co*. (1997), 122 Ohio App.3d 406, 415, 701 N.E.2d 1040. In *Harsco*, this Court has stated that "[t]he better rule of law appears to be that a motion for stay of proceedings pending arbitration and a referral to arbitration may be filed after the defending party answers the complaint if (1) the application of the arbitration clause is affirmatively pled in the answer, and (2) the defending parties' conduct, based on the totality of the circumstances under *Phillips*,[2] does not demonstrate a waiver of the clause." *Harsco* at 415.

{¶16} In *Harsco*, we found that the defendant did not waive its right to arbitrate even though it waited three months before filing for a motion to stay the

---

[2] *Phillips v. Lee Homes, Inc*. (Feb. 17, 1994), Cuyahoga App. No. 64353, 1994 WL 50696.

proceedings and requesting arbitration. Id. The defendant had raised the issue as a defense in its answer; very little discovery had taken place; and the other party was not prejudiced by the "brief delay" in requesting arbitration. Id. In the case before us, however, GHCG failed to raise the existence of an arbitration clause anywhere within its answer and it actively participated in the lawsuit for a year before bringing the matter to the attention of the trial court for the first time.

{¶17} A party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration. *Mills v. Jaguar-Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 113, 430 N.E.2d 965. When the other party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. Id. This may be done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. "Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Austin v. Squire* (1997), 118 Ohio App.3d 35, 37, 691 N.E.2d 1085, quoting *Mills.* See, also, *Jones v. Honchell* (1984), 14 Ohio App.3d 120, 122, 470 N.E.2d 219 (when a defendant fails to raise the arbitration provision of the contract in an answer, he waives the right to submit the matter to arbitration).

**{¶18}** In this case, GHCG filed an answer on May 22, 2009. GHCG neither moved for a stay pursuant to R.C. 2711.02 at that time, nor did it raise the matter in its answer, even though it raised *twenty-two* other defenses.[3]

**{¶19}** Given Ohio's public policy favoring arbitration, the party asserting that the right to arbitrate has been waived bears the burden of proving waiver. *Morris v. Morris*, 2010-Ohio-4750, at ¶17. A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right. Id. at ¶18; *Harsco* at 414; *Phillips v. Lee Homes, Inc.*, 8th Dist. No. 64353, 1994 WL 50696.

**{¶20}** "The question of waiver is usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of an abuse of discretion." *Morris* at ¶17 (internal quotations and citations omitted.) In determining whether the totality of circumstances supports a finding of waiver, a court may consider (1) whether the party seeking arbitration invoked the court's

---

[3] Although GHCG titled its list of defenses as "Affirmative Defenses," they went far beyond only "affirmative defenses" as defined by Civ.R. 8(C). GHCG's list constituted an entire range of defenses in both fact and law and under various other Civil Rules and statutes. Although some courts have held that an arbitration agreement should be pled as an affirmative defense under Civ.R. 8(C), which includes "arbitration and award" in its non-exclusive list of affirmative defenses, the existence or assertion of the *right to arbitrate* is different from "arbitration *and award*," which implies that arbitration has already occurred and an award has been determined. See *Hudson v. Ernst & Young, L.L.P.*, 189 Ohio App.3d 60, 2010-Ohio-2731, 937 N.E.2d 585, ¶¶35-38. If arbitration has not yet occurred, it is simply a contractual obligation and should be pled in the same manner as any other component of a contract or defense. However, as discussed above, it should be included in the first responsive pleading, if it hasn't already been brought to the court's attention pursuant to R.C. 2711.02.

jurisdiction by filing a complaint or claim without first requesting a stay, (2) the delay, if any, by the party seeking arbitration to request a stay, (3) the extent to which the party seeking arbitration has participated in the litigation, and, (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the nonmoving party. Id. at ¶18.

{¶21} In the case before us, we find that Kellogg established that (1) GHCG knew of the existing right to arbitrate; and, (2) based on the totality of the circumstances, GHCG acted inconsistently with that known right. Therefore, the trial court did not err in denying GHCG's motion for a stay.

{¶22} GHCG claims that it did not request a stay pending arbitration sooner because "GHCG did not know until very recently it possessed [the document.]" (GHCG's Motion to Stay, p. 6.) However, the facts indicate that GHCG was, or should have been, completely aware of the existence of the document containing the purported arbitration agreement. First, GHCG's attorney's affidavit concedes that the application with the arbitration clause was not found in some inconspicuous location. Instead, it was discovered within GHCG's own records "maintained in connection with the administration and appeal of Plaintiff's workers compensation, work-sponsored, and unemployment benefits [claims against it]." (Mar. 12, 2010 Affidavit of Eric B. Hersberger, attached to GHCG's Motion to Stay.) Furthermore, the President and CEO of GHCG, James Griffith,

stated in his affidavit that all employees complete a standard GHCG "Application for Employment" which contains the arbitration clause in question. GHCG cannot maintain that it did not know of the existence of an arbitration agreement while at the same time claiming that signing an application with an arbitration agreement was a standard practice for every applicant.

{¶23} Also, the record contradicts GHCG's assertion that litigation had not proceeded very far and that Kellogg would not suffer prejudice. Litigation had proceeded for nearly a year, during which time the parties *both* filed pleadings and numerous other motions; served and responded to multiple sets of discovery requests; participated in status conferences with the trial court; filed subpoenas to compel production of documents; filed and withdrew various deposition notices; and more. A prime objective of an agreement to arbitrate is to achieve "streamlined proceedings and expeditious results." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* (1985), 473 U.S. 614, 633, 105 S.Ct. 3346, 87 L.Ed.2d 444. The Ohio Supreme Court has stated that "arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-54, 908 N.E.2d 408, quoting *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Ass'n.* (1986), 22 Ohio St.3d 80, 83, 488 N.E.2d 872. Arbitration has the additional benefit of

unburdening crowded court dockets. Id. However, those benefits are lost when litigation proceeds for nearly a year, there are nearly fifty entries on the trial court's docket, and the parties participate in extensive discovery. Based on the totality of the circumstances, GHCG's actions constituted a waiver of the belatedly asserted right to arbitrate. R.C. 2711.02(B) states that a court shall stay the action in the trial court pending arbitration "*provided the applicant for the stay is not in default in proceeding with arbitration.*" Id. (Emphasis added.) Under the facts in this case, GHCG was in default and waived arbitration.

{¶24} There was considerable evidence in the record calling into question the authenticity of Kellogg's signature on the alleged arbitration agreement and supporting the trial court's finding that no valid arbitration agreement existed. In addition, based upon the totality of the circumstances, even if there would have been a valid arbitration agreement, GHCG's lengthy delay in raising the matter constituted a waiver. Based on all of the above, the trial court did not err in denying GHCG's request to stay the proceedings pending arbitration. GHCG's first and second assignments of error are overruled.

{¶25} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, P.J. and PRESTON, J., concur.**

-14-