[Cite as *Chrysler Fin. Servs. v. Henderson*, 2011-Ohio-6813.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

CHRYSLER FINANCIAL SERVICES,
 AMERICAS, LLC fka
 DAIMLERCHRYSLER FINANCIAL
 SERVICES AMERICAS LLC,                          :

    Plaintiff-Appellee,                          :      Case No.   11CA4

    vs.                                          :

ROBERT L. HENDERSON aka ROBERT
 LEE HENDERSON AND CARRIE A.
 HENDERSON aka CARRIE A. BAUER,                  :      DECISION AND JUDGMENT ENTRY


    Defendants-Appellants.                       :

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:      Jeremiah E. Heck and Scott C. Florin, 580 East Rich Street,
                             Columbus, Ohio 43215

COUNSEL FOR APPELLEE:        Suzana Krasnicki and Keith D. Weiner, 75 Public Square, 4th
                             Floor, Cleveland, Ohio 44113

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-23-11

ABELE, J.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court summary judgment in

favor of Chrysler Financial Services Americas, LLC fka DaimlerChrysler Financial Services

Americas LLC, plaintiff below and appellee herein.

{¶ 2}   Robert L. Henderson and Carrie A. Henderson, defendants below and appellants

herein, assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ADDRESS DEFENDANTS' MOTION TO COMPEL ARBITRATION, FAILING TO HOLD A HEARING ON THE MATTER AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY REFUSING TO TRANSFER THE CASE TO A PROPER FORUM OR VENUE AS REQUESTED BY DEFENDANTS OVER DEFENDANTS' OBJECTIONS THAT SAID ACTION WAS FILED IN AN IMPROPER VENUE."

**{¶ 3}** On August 21, 2007, appellants entered into a retail installment contract with appellee for the purchase of a vehicle. Appellants allegedly failed to fulfill the terms of the contract, and on July 12, 2010, appellee instituted the present lawsuit.

**{¶ 4}** Appellee attached a copy of the contract to its complaint. The contract contains the following provision:

"NOTICE TO BUYER(S)

DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.

BUYER ACKNOWLEDGES RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF THIS RETAIL INSTALLMENT CONTRACT. IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND

PRIVACY POLICY ON THE BACK OF THIS CONTRACT."

Appellants' signatures appear directly beneath this paragraph.

**{¶ 5}** The arbitration provision set forth in the contract that appellee attached to its

complaint provides:[1]

> "20. ARBITRATION. The following Arbitration provisions significantly
> affect your rights in any dispute with us. Please read the following disclosures and
> the arbitration provision that follows carefully before you sign the contract.
> 1. If either you or we choose, any dispute between you and us will be
> decided in arbitration and not in court.
> 2. If such dispute is arbitrated, you and we will give up the right to a trial
> by a court or a jury trial.
> 3. You agree to give up any right you may have to bring a class-action
> lawsuit or class arbitration, or to participate in either as a claimant, and you agree to
> give up any right you may have to consolidate your arbitration with the arbitration
> of others.
> * * * *"

**{¶ 6}** In their answer, appellants asserted that the contract appears to contain an

arbitration clause, but claimed that they could not read the details and preserved their right to

arbitrate upon examining a legible copy of the contract. Appellants further asserted improper

venue.

**{¶ 7}** On October 12, 2010, the trial court issued a pre-trial order that documented a status

conference with the parties. The court stated that after it conferred with the parties, it "decided to

require the parties to pursue discovery and if either desires to file a motion for dispositive relief[,]

he must do so within the next ninety days or that opportunity is waived." The court further noted

that appellants' counsel indicated that appellants "may have one or two defenses which they are

---

[1] Although appellants claimed that they were unable to read the arbitration provision contained in the copy
of the contract appellee attached to its complaint, our review of the provision shows that while the print is small, it is
nonetheless legible.

going to try to develop through the discovery process. They also have other economic decisions to make, which need to be focused and completed or, otherwise, abandoned."

{¶ 8} On October 21, 2010, appellants submitted their first request for interrogatories and production of documents.

{¶ 9} On January 5, 2011, appellee filed a summary judgment motion. The court scheduled the motion for a non-oral hearing on January 24, 2011, and directed the parties to submit any opposing memoranda before that date.

{¶ 10} On January 13, 2011, appellants filed a motion to compel arbitration, for dismissal, and for a stay of the proceedings pending arbitration. Appellants requested the trial court to issue an order compelling arbitration and dismissing the action or, alternatively, to issue an order to stay the action pending arbitration.

{¶ 11} Appellee responded that appellants failed to timely assert their right to arbitrate and, therefore, waived their right to arbitrate as set forth in the contract. On January 26, 2011, the trial court granted appellee summary judgment. This appeal followed.

I

{¶ 12} In their first assignment of error, appellants assert that the trial court erred by awarding appellee summary judgment without first holding a hearing regarding their motion to compel arbitration.

{¶ 13} Initially, we note that the trial court did not explicitly rule on appellants' motion to compel arbitration. However, when a court does not expressly rule on a motion, we ordinarily presume that the court overruled the motion. See Kastelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶13; Ohio Univ. Bd. Of Trustees v. Smith (1999), 132 Ohio

App.3d 211, 223, 724 N.E.2d 1155; see, also, <u>Warwick v. DeWitt</u>, Ross App. No. 01CA2613,

2002-Ohio-120 ("When a trial court rules on the merits of a case without expressly deciding

pending motions, we presume the motion was denied and then determine whether that denial was

erroneous.").   Thus, even though the court did not expressly rule on appellants' motion, we

presume it overruled the motion and may determine whether the court erred by overruling the

motion.

{¶ 14}  R.C. 2711.03[2] governs a motion to compel arbitration and provides:

> (A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement.   Five days' notice in writing of that petition shall be served upon the party in default.   Service of the notice shall be made in the manner provided for the service of a summons. <u>The court shall hear the parties</u>, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
> (B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue.   If no jury trial is demanded as provided in this division, the court shall hear and determine that issue.   Except as provided in division (C) of this section, if the issue of the making of the arbitration agreement or the failure to perform it is raised, either party, on or before the return day of the notice of the petition, may demand a jury trial of that issue.   Upon the party's demand for a jury trial, the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions.   If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding under the agreement, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding under the agreement, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with that agreement.

---

[2]  Appellants did not mention R.C. 2711.03 in their motion to compel or motion to stay.   Instead, they relied upon the analogous provision of the Federal Arbitration Act.   See 9 U.S.C. Section 4.   Because the two provisions are substantially similar, we believe that we may consider R.C. 2711.03's applicability despite appellants' failure to specifically raise it during the trial court proceedings.

      (C) If a written agreement for arbitration is included in a commercial construction contract and the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue, and the court shall hear and determine that issue.

(Emphasis added.)

**{¶ 15}** Appellants claim that the language "[t]he court shall hear the parties * * *" means that a trial court is required to hold an oral or evidentiary hearing. Other courts, however, have not interpreted this language in the same manner. Instead, some Ohio courts have stated that a trial court need not hold an oral hearing unless specifically requested. See Mattox v. Dillard's, Inc., Cuyahoga App. No. 90991, 2008-Ohio-6488, ¶15; Liese v. Kent State University, Portage App. No. 2003-P-0033, 2004-Ohio-5322, ¶43; Church v. Fleishour Homes, Inc., 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, ¶¶29 and 30 (stating that party may waive R.C. 2711.03 right to hearing by failing to request it); see, also, Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co. (C.A.6, 1983), 706 F.2d 155, 159 (construing analogous federal provision and stating that "[t]he language * * *, 'The court shall hear the parties * * *' does not require an evidentiary hearing"). But, see, Chase Home Fin. v. McDowell, Summit App. No. 24889, 2010-Ohio-633 (finding no evidence in the record that trial court held a hearing regarding motion to compel arbitration and remanding to trial court to conduct R.C. 2711.03 hearing).

**{¶ 16}** For example, in Mattox the appellant never informed the trial court that a hearing or discovery was needed to develop the record. Moreover, the appellant set forth her evidence in an affidavit. The appellate court concluded that the trial court therefore "heard" the parties. Id. at ¶15. The court additionally recognized that a trial court must grant a party's request for an oral hearing under R.C. 2711.03, but held that "an oral hearing is not mandatory absent a request." Id.

 Similarly, in <u>Church</u>, the court held that a non-oral hearing fulfilled the statutory requirement that

the court "hear" the parties.

{¶ 17} In <u>Panzica Constr. Co. v. Zaremba, Inc.</u>, Cuyahoga App. No. 95103,

2011-Ohio-620, the court held that when the parties fully briefed the arbitration issue, the court

"heard" the parties.   In reaching its decision, the court explained the difference between

"hearing" the parties and holding a hearing:

> "* * * [U]nder R.C. 2711.03(A), the court initially 'shall hear the parties'
> regarding a motion to compel arbitration.   The plain language in this statute is
> different from language the legislature used in statutes requiring the court to hold a
> formal hearing.   For example, a party to a lawsuit may be sanctioned for frivolous
> conduct under R.C. 2323.51(B)(2), 'but only after the court does all of the
> following: (a) Sets a date for a hearing to be conducted * * *; (b) Gives notice of the
> date of the hearing * * * to each party or counsel of record * * *; [and] (c) Conducts
> the hearing * * *, allows the parties and counsel of record involved to present any
> relevant evidence at the hearing, * * * determines that the conduct involved was
> frivolous and that a party was adversely affected by it, and then determines the
> amount of the award to be made.'
>
> Another example of when a court is required to hold a hearing is found in
> R.C. 2903.214, which governs petitions for protection orders.   Section (D)(1) of
> this statute states as follows: 'If a person who files a petition pursuant to this section
> requests an ex parte order, the court shall hold an ex parte hearing as soon as
> possible * * *.'   Furthermore, if the protection order is issued after an ex parte
> hearing, 'the court shall schedule a full hearing* * * [,] give the respondent notice
> of, and an opportunity to be heard at, the full hearing* * * [and] hold the full
> hearing * * *.'   R.C. 2903.214(D)(2).
>
> A final example of the legislature's expressly requiring the court to hold a
> formal hearing concerns sealing the criminal records of first-time offenders.   R.C.
> 2953.32(B) states that 'u]pon the filing of an application under this section, the
> court shall set a date for a hearing and shall notify the prosecutor for the case of the
> hearing on the application.'
>
> Given the statutory language in R.C. 2711.03, we must determine whether
> the court 'heard' the parties regarding Panzica's motion to compel arbitration.   See
> <u>Breeding v. Herberger</u> (1992), 81 Ohio App.3d 419, 422-423, 611 N.E.2d 374
> (holding that 'every motion, unless permitted to be heard ex parte, shall be

determined by the court only after a hearing,' of which there are three types: an evidentiary hearing, an oral hearing, and a non-oral hearing) (citing Civ.R. 6(D)); Buckeye Supply Co. v. N.E. Drilling Co. (1985), 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (noting that "[i]t is acceptable practice * * * for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded").

Panzica and Zaremba were given the opportunity to fully brief the arbitration issue, and both parties filed memoranda in support of their positions, including reply and surreply briefs.  At least three other corporate parties and five individual parties filed motions with supporting briefs regarding whether to compel arbitration.  More than 20 pleadings were filed in this case and, altogether, literally hundreds of pages of exhibits.  The court issued an 11-page opinion detailing its reasoning behind granting in part Panzica's motion to compel arbitration.  We find that this issue was ripe for determination based on the parties' briefing and evidence filed. See Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶22 (ruling that, although the court did not hold a hearing concerning a motion to compel arbitration, because it allowed the parties to brief the issue, 'we proceed to evaluate the arbitration clause, rather than ordering the trial court to hold a hearing on the issue of unconscionability').

Accordingly, under the facts of this case, we conclude that the court did 'hear' the parties regarding Panzica's motion to compel, and the court did not err in failing to 'try' the issue of waiver. * * * *."

Id. at ¶¶32-38.

{¶ 18} We further observe that R.C. 2711.05 provides:

Any application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections.

{¶ 19} Civ.R. 7(B), in turn, discusses motion procedure:

(1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing.  A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.  The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief

written statements of reasons in support and opposition.

(3) The rules applicable to captions, signing, and other matters of form of pleading apply to all motions and other papers provided for by these rules.

* * * *

Thus, because R.C. 2711.03 does not specifically provide for an oral hearing, it would appear that Civ.R. 7(B) permits a trial court to hear the matter upon a non-oral hearing.

{¶ 20} In the case at bar, appellants did not specifically request an oral or evidentiary hearing regarding their motion to compel arbitration. Rather, they presented a written motion that contained their arguments, and appellee submitted a response. Based upon the foregoing authorities, we conclude that the trial court "heard" the parties.

{¶ 21} Appellants nonetheless assert that they have a right to an oral hearing regarding their motion to compel based upon the Ohio Supreme Court's decision in Maestle v. Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7. In that case, the "single narrow issue" was whether a trial court must hold a hearing regarding an R.C. 2711.02 motion to stay. Id. at ¶5. The court did not specifically rule upon whether a trial court must hold an oral hearing regarding an R.C. 2711.03 motion to compel. Instead, the court stated in passing that "a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03." Id. at ¶19. We believe that this statement is far from an explicit holding that a trial court must conduct an oral hearing when considering an R.C. 2711.03 motion. Instead, the court simply refers to the type of "hearing pursuant to R.C. 2711.03" and offers no specific recommendation as to what that hearing entails. Thus, we decline appellants' invitation to read

into R.C. 2711.03 a requirement that a trial court hold an oral or evidentiary hearing when presented with every R.C. 2711.03 motion.   Instead, we choose to follow those courts that have held, even subsequent to Maestle, that a trial court need not hold an oral or evidentiary hearing regarding an R.C. 2711.03 motion absent a proper request.

{¶ 22}  Accordingly, based upon the foregoing reasons, we hereby overrule appellants' first assignment of error.

II

{¶ 23}  In their second assignment of error, appellants assert that the trial court's failure to grant their motion to compel arbitration constitutes an abuse of discretion.   Appellee contends that appellants waived the right to arbitrate by participating in discovery and by waiting until after appellee had filed its dispositive motion to request arbitration.   We agree with appellee.

{¶ 24}  An appellate court reviews a trial court's decision to grant or to deny a motion to compel arbitration or stay the proceedings under the abuse of discretion standard.   K.M.P., Inc. v. Ohio Historical Society, Jackson App. No. 03CA2, 2003-Ohio-4443, ¶14; see, also, Strickler v. First Ohio Banc & Lending, Inc., Lorain App. Nos. 08CA009416 & 08CA009460, 2009-Ohio-1422, ¶7; River Oaks v. Krann, Lake App. No. 2008-L-166, 2009-Ohio-5208, ¶41; Grady v. Winchester Place Nursing and Rehabilitation Ctr., Fairfield App. No. 08CA59, 2009-Ohio-3660, ¶15; Medallion Northeast Ohio, Inc. v. SCO Medallion Healthy Homes, Ltd., Summit App. No. 23214, 2006-Ohio-6965, ¶6.   But, see, Bentley v. Cleveland Browns Football Co., LLC, Cuyahoga App. No. 95921, 2011-Ohio-3390, ¶¶12 and 13 (noting divergent authority regarding whether abuse-of-discretion or de novo standard is appropriate standard of review applicable to trial court's decision regarding motion to stay or compel arbitration and declining to

explicitly adopt either standard).   Similarly, an appellate court reviews a trial court's

determination as to whether a party waived its right to arbitrate for an abuse of discretion.

Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 159 Ohio App.3d 27,

2004-Ohio-5953, 822 N.E.2d 841, ¶10.   "'The question of waiver is usually a fact-driven issue

and an appellate court will not reverse the trial court's decision absent a showing of an abuse of

discretion.'" Kellogg v. Griffiths Health Care Group, Marion App. No. 9-10-59, 2011-Ohio-1733,

¶20, quoting Morris v. Morris, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶17

(internal quotations and citations omitted).   We further note that an abuse of discretion connotes

more than simply an error in judgment; rather, the court must act in an unreasonable, arbitrary, or

unconscionable manner.   See, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450

N.E.2d 1140.   Furthermore, when an appellate court applies the abuse of discretion standard, it

may not simply substitute its judgment for that of the trial court.   See, e.g., Berk v. Matthews

(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 25} R.C. 2711.02 embodies Ohio's public policy to favor arbitration and requires courts

to stay an action if the issue involved falls under an arbitration agreement.   See ABM Farms v.

Woods (1998), 81 Ohio St.3d 498, 500, 1998-Ohio-612, 692 N.E.2d 574; Gerig v. Kahn, 95 Ohio

St.3d 478, 482, 2002-Ohio-2581, 769 N.E.2d 381; Tomovich v. USA Waterproofing & Foundation

Services, Inc., Lorain App. No. 07CA9150, 2007-Ohio-6214, ¶8, citing Schaefer v. Allstate Co.

(1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242.   R.C. 2711.02(B) provides:

> If any action is brought upon any issue referable to arbitration under an
> agreement in writing for arbitration, the court in which the action is pending, upon
> being satisfied that the issue involved in the action is referable to arbitration under
> an agreement in writing for arbitration, shall on application of one of the parties stay
> the trial of the action until the arbitration of the issue has been had in accordance

with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶ 26} Thus, R.C. 2711.02 requires a court to stay the trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, (2) the court is satisfied the issue is referable to arbitration under the written agreement, and (3) the applicant is not in default in proceeding with arbitration. See Wishnosky v. Star-Lite Bldg. & Dev. Co. (Sept. 7, 2000), Cuyahoga App. No. 77245; MGM Landscaping Contrs., Inc. v. Berry (Mar. 22, 2000), Summit App. No. 19426.

{¶ 27} "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'" Kellogg at ¶23, quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. (1985), 473 U.S. 614, 633, 105 S.Ct. 3346, 87 L.Ed.2d 444. "Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute." Schaefer, 63 Ohio St.3d at 712; see, also, Hayes v. Oakridge Home, 122 Ohio St.3d 63, 2009-Ohio-54, 908 N.E.2d 408. Thus, "if a dispute even arguably falls within the [parties'] arbitration provision, the trial court must stay the proceedings until arbitration has been completed." Tomovich at ¶8, citing Featherstone at ¶5. When, however, a party acts inconsistently with the prime objectives of arbitration, the party generally waives the right to arbitrate. See Featherstone at ¶9.

{¶ 28} "Waiver attaches where there is active participation in a lawsuit, 'evincing an acquiescence to proceeding in a judicial rather than arbitration forum.'" Kellogg at ¶14, quoting Griffith v. Linton (1998), 130 Ohio App.3d 746, 752, 721 N.E.2d 146. "In order to waive the right to arbitrate, a party must know that he has the right to arbitrate and act inconsistently with that

right, generally in a manner causing delay and prejudice to the opposing party." Featherstone at

¶9; see, also, K.M.P. Thus, waiver exists when: (1) the waiving party knew of the existing right to

arbitrate; and (2) the totality of the circumstances demonstrates that the waiving party acted

inconsistently with its right to arbitrate. Murtha v. Ravines of McNaughton Condo. Assn.,

Franklin App. No. 09AP-709, 2010-Ohio-1325, ¶21; K.M.P. at ¶15.

> "'Circumstances which may be considered by the court as pertinent to the issue are: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.'"

Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 414-415, 701 N.E.2d 1040,

quoting Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353.

{¶ 29} "[A] court should not 'lightly infer waiver of the right to arbitrate.'" K.M.P. at ¶15,

quoting Checksmart v. Morgan, Cuyahoga App. No. 80856, 2003-Ohio-163, ¶21. Thus, the

"'party seeking to establish waiver bears a heavy burden of proof.'" Business Data Sys., Inc. v.

Gourmet Café Corp., Summit App. No. 23808, 2008-Ohio-409, ¶14, quoting Manos v. Vizar (July

9, 1997), Medina App. No. 96CA2581-M; see, also, Kellogg at ¶19, citing Morris at ¶17; Harsco,

122 Ohio App.3d at 414.

{¶ 30} In Kellogg, the court determined that the defendant waived the arbitration provision

by failing to raise it as a defense in its answer and by actively participating in litigation for one year

before raising the arbitration clause. The court found that the defendant was aware, or should

have been aware, of the existence of the arbitration agreement. The court further noted that the

defendant's active participation in litigation negated the benefits arbitration seeks to provide.   By

participating in litigation before seeking arbitration, the defendant negated the benefit of

expeditious and economical dispute resolution and of unburdening a crowded court docket.

{¶ 31}  In Montecalvo Electric, Inc. v. Cluster Homes, Inc., Summit App. No. 21157,

2003-Ohio-355, the court concluded that the defendant waived its right to arbitrate when it filed a

response and a counterclaim and waited until the day of trial to orally request that the trial court

stay the proceedings for arbitration.   The court observed that by the time the defendant requested

arbitration, both parties had engaged in extensive discovery over a seven month period, including

"requesting production of documents, interrogatories, and admissions from each other." Id. at ¶15.

The appellate court determined that allowing the defendant "to waste both appellee's and the trial

court's time, money and efforts in preparing for litigation for seven months by granting its motion

to stay proceedings on the day of trial would surely be against public policy considerations of

judicial economy and detrimental reliance."   Id. at ¶19.

{¶ 32}  In Smith v. Kreepy Krauly USA (Jan. 18, 2001), Scioto App. No. 00CA2709, this

court determined that the trial court did not abuse its discretion by denying the defendant's motion

to stay the proceedings pending arbitration.   In Kreepy Krauly, the defendant did not raise the

arbitration clause in its answer and it acted inconsistently with its right to arbitrate.   The defendant

stated in an application to transfer the case to the civil division that it intended to conduct

discovery and prepare a defense, and it also requested two continuances.

{¶ 33}  In Harsco, the court determined that the trial court abused its discretion by refusing

to stay the proceedings pending arbitration and by finding waiver of the right to arbitrate even

though the defendant waited three months before requesting arbitration and a stay of the

proceedings.   The court observed that the defendant had raised the arbitration clause in its answer, very little discovery had occurred, and the other party suffered no prejudice as a result of the three month delay in requesting arbitration.   The court particularly noted that "the progress made in the present case, before the motion to stay was filed, is largely duplicative of what would occur if this matter was pending in arbitration."   Id. at 416.

{¶ 34}  In Milling Away, LLC v. Infinity Retail Environments, Inc., Summit App. No. 24168, 2008-Ohio-4691, the appellate concluded the trial court did not abuse its discretion by staying litigation pending arbitration.   In Milling Away, the defendant filed a counterclaim and waited six months before invoking its right to arbitrate.   The trial court nonetheless reasoned that a stay was appropriate because "the policy of the law is to settle disputes by arbitration, * * * there has been very little in the way of proceedings, * * * there is no interruption in discovery or other proceedings by engaging in arbitration, and * * * no trial date has been set[.]"   Id. at ¶11.   The appellate court agreed with the trial court's rationale and explained: "This reasoning comports with the rationale behind the waiver doctrine, which is that even an absolute right to arbitration 'must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance.'" Id., quoting Montecalvo Electric at ¶12 (internal quotation omitted).

{¶ 35}  In Murtha, the court determined that the trial court did not abuse its discretion by staying the proceedings pending arbitration.   The court observed that the defendants filed an answer and counterclaim and participated in discovery–acts inconsistent with the right to arbitrate–but further noted that the defendants' request for arbitration within two months after the close of pleadings did not constitute an undue delay.   The court additionally recognized that the plaintiff failed to show any prejudice it suffered as a result of the defendants' delay in requesting

arbitration.   The court found that the facts presented "a somewhat close question," but refused to find that the trial court abused its discretion.

{¶ 36} In the case at bar, we do not believe that the trial court's denial of appellants' motion to compel arbitration or to stay the proceedings pending arbitration constitutes an abuse of discretion.   The trial court could have rationally determined that appellants acted inconsistently with their right to arbitrate and therefore waived that right.   We believe that the facts in the case sub judice more closely resemble Kellogg, Montecalvo, and Kreepy Krauly, than Harsco, Milling Away, and Murtha.   Appellants in the present case, like the defendant in Kellogg, were aware, or should have been aware, of the arbitration provision.   Appellants both signed the contract, and their signatures appear directly beneath a conspicuous statement that they have read the contract, including the arbitration provision.   Thus, the contract that they signed directly refutes their claim that they were unaware of their right to request arbitration when appellee filed the complaint.   Additionally, appellants raised the potential applicability of the arbitration provision in their answer and thus possessed at least some knowledge of it.   They only claimed that they could not read the provision.   Appellee, however, attached a legible copy of the contract to its complaint.   While the arbitration provision may not be in large, bold-faced print, it is nonetheless legible.   Thus, appellants were aware, or at least should have been aware, of their right to request arbitration.

{¶ 37} Moreover, like the defendant in Kellogg and Kreepy Krauly, appellants in the case sub judice actively participated in litigation by filing a discovery request and informing the trial court that they would be exploring defenses.   Three months after appellee filed the complaint, appellants' counsel participated in a telephone conference with the court and opposing counsel and

informed the court that appellants "may have one or two defenses which they are going to try to develop through the discovery process. They also have other economic decisions to make, which need to be focused and completed or, otherwise, abandoned." Nothing indicates that appellants brought the arbitration issue to the court's attention. Additionally, shortly after the telephone conference, appellants filed a request for interrogatories and a production of documents.

{¶ 38} Furthermore, like the defendant in Montecalvo, appellants waited until the last minute to request arbitration. In Montecalvo, the defendant waited until the day of trial. In the present case, appellants waited until appellee had prepared and filed a dispositive motion. It was only when presented with appellee's dispositive motion that appellants sought to enforce the arbitration provision. By this point, appellee had obviously incurred litigation costs associated with presenting its summary judgment motion. Benefits that would have resulted from arbitration dissipated once appellee filed its summary judgment motion. Also, six months had elapsed and the case occupied the court's docket. Proceeding to arbitration at this point of the proceedings would have further delayed the outcome and caused appellee prejudice. Arbitration is used to expedite cases and to relieve crowded court dockets, not to thwart a properly supported summary judgment motion. As in Montecalvo, allowing appellants "to waste both appellee's and the trial court's time, money and efforts in preparing for litigation for [six] months would surely be against public policy considerations of judicial economy and detrimental reliance." Id. at 19.

{¶ 39} Unlike the situations in Harsco and Milling Away, where little progress had occurred when the parties filed a motion requesting arbitration, in the case sub judice the parties had engaged in discovery and appellee had filed a dispositive motion. Harsco and Milling Away concluded that the little progress that had occurred in the cases meant that the opposing party had

not suffered prejudice.   The same cannot be said in the case sub judice.   Rather, appellee incurred

costs in preparing a summary judgment motion based upon appellants' representations–at least up

to January 13, 2011, when they filed their motion to compel arbitration or to stay the

proceedings–that they intended to proceed to trial.   Even if we were to determine that the facts

presented "a somewhat close question," as in Murtha, we would be unable to state that the trial

court abused its discretion.

{¶ 40}  Within their second assignment of error, appellants further argue that the trial court

should have, sua sponte, allowed them additional time to respond to appellee's summary judgment

motion.   We do not agree.

{¶ 41}  A party generally has three alternatives when requesting an extension of time to

respond to a summary judgment motion.   First, Civ.R. 56(F) allows a party to request a

continuance if the party is unable to secure, by affidavit, facts necessary to substantiate his

opposition.   Second, Civ.R. 6(B)(1) allows a party to request an extension of time if the party

makes the request before the original time period for a response has expired.   Third, Civ.R.

6(B)(2) permits a party to request, after the original time period for a response already has expired,

additional time within which to respond if the failure to respond was the result of excusable

neglect.   When a party fails to request a continuance pursuant to Civ.R. 56(F), a trial court

generally is free to consider a motion for summary judgment.   Vanest v. Pillsbury Co. (1997), 124

Ohio App.3d 525, 532, 706 N.E.2d 825, fn.3, citing BFI Waste Sys. of Ohio v. Garfield (1994), 94

Ohio App.3d 62, 640 N.E.2d 227; Grange Mut. Cas. Co. v. State Auto. Mut. Ins. Co. (1983), 13

Ohio App.3d 217, 13 OBR 267, 468 N.E.2d 909.

{¶ 42}  In the case sub judice, after appellee filed its summary judgment motion, the trial

court set the motion for a non-oral hearing on January 24, 2011.   The court ordered the parties to file any opposing memoranda before that date.   Instead of filing an opposing memorandum before that date, appellants instead chose to file on January 13, 2011 a motion to compel arbitration or a motion to stay.   At that point, they still had eleven days to prepare a memorandum to oppose appellee's summary judgment request.   They did not.   Nor did they request the court to delay ruling on appellee's summary judgment motion pending a ruling on their motion to compel or stay.   Furthermore, appellants did not request a continuance under Civ.R. 56(F).   They also did not file a Civ.R. 6(B) request for extension of time.   The trial court possessed no independent duty to suspect that appellants would not be able to respond to appellee's summary judgment motion before January 24, 2011 and to sua sponte grant them a continuance.   Had appellants desired additional time, they had the duty to request it.   Under these circumstances, we cannot conclude that the trial court abused its discretion by failing to sua sponte grant appellants additional time to respond to appellee's motion, or that it committed any error of law by failing to do so.

{¶ 43} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' second assignment of error.

III

{¶ 44} In their third assignment of error, appellants assert that the trial court abused its discretion by failing to transfer the case to a proper venue.

{¶ 45} Civ.R. 3(B) states that "[a]ny action may be venued, commenced, and decided in any court in any county," and then lists proper venues.   When a party files a case in an improper venue, the defending party may assert improper venue as a Civ.R. 12 defense.   See Civ.R. 3(C). When the defending party properly raises the defense, the court must transfer the case to a proper

venue.   See id.

**{¶ 46}** Civ.R. 12(B) sets forth the procedure for raising a defense of improper venue and

provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue, * * *.   A motion making any of these defenses shall be made before pleading if a further pleading is permitted.   No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.

If a party raises any of the Civ.R.12(B) defenses, whether by motion or pleading, then Civ.R. 12(D)

provides that they "'shall be heard and determined before trial <u>on application of any party</u>.'"   See

<u>Gliozzo v. Univ. Urologists of Cleveland, Inc.</u>, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d

714, ¶7 (emphasis added), quoting Civ.R. 12(D).   As the court explained in <u>Domestic Linen</u>

<u>Supply and Laundry Co. v. Sanary Corp.</u> (Dec. 7, 1988), Mahoning App. No. 88CA9:   "Venue is a

defense which may be made by answer or by motion.   Civ.R. 12(B).   Whether made by answer or

motion, it must be heard and determined before trial only if the asserting party applies for such a

hearing."   We similarly previously explained:

> "Civ.R. 12(D) provides that defenses enumerated in Civ.R. 12(B), including that of improper venue under (B)(3), shall be heard and determined before trial on application of any party.   The record is silent as to any application for a pre-trial hearing on the venue motion.   In light of such fact, and the apparent failure otherwise of appellant to secure a ruling on the motion before trial on the merits, we conclude appellant waived his right to have a hearing on the motion and the failure of the court to sua sponte rule upon the motion, which obviously required the presentation of evidence in some form, neither violated no due process rights of the appellant or otherwise constituted error."

Thompson v. Thompson (Apr. 21, 1981), Lawrence App. No. 1462.

{¶ 47} Thus, according to Civ.R. 12(D), Domestic Linen, and Thompson, it is not enough that a party raises the defense of improper venue in that party's answer. Rather, a party must properly raise the defense and must also apply to the court for a transfer of venue. Under Civ.R. 12(D), a party possesses an affirmative duty to seek a transfer of venue and may not simply rely upon an allegation in its answer of improper venue.

{¶ 48} In the case at bar, appellants raised the defense of improper venue in their answer. Thus, according to Civ.R. 12, they properly raised the defense. At no point, however, did appellants comply with Civ.R. 12(D) and specifically apply to the trial court to transfer venue. Thus, appellants' failure to secure a ruling regarding venue results in a waiver of the issue for appeal purposes.

{¶ 49} We further note that judicial economy would be poorly served if a trial court is required to pore over every party's answer to determine if improper venue has been raised as a defense and to then determine, without any input from the party raising the defense, whether to transfer venue. Certainly, a trial court may do so. We, however, find nothing in the Civil Rules to require a trial court to sua sponte transfer venue when properly raised as a defense in an answer, but when the party does not apply to the court to transfer venue.

{¶ 50} Accordingly, based upon the foregoing reasons, we hereby overrule appellants' third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellants the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.