[Cite as *Fields v. Herrnstein Chrysler, Inc.*, 2013-Ohio-693.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

JAMIE FIELDS,                              :
                                           :
    Plaintiff-Appellant,              :   : Case No. 12CA827
                                           :
    vs.                               :
                                           :
HERRNSTEIN CHRYSLER, INC.,                 : DECISION AND
et al.,                                    : JUDGMENT ENTRY
                                           :
    Defendants-Appellees.             : **Released: 02/07/13**
_____
APPEARANCES:

Jason Shugart and D. Dale Seif, Jr., Seif & Shugart, LLC, Waverly, Ohio,
for Appellant.

Christina J. Marshall and John R. Conley, Sutter O'Connell, Cleveland,
Ohio, for Appellees, Chrysler Group, LLC, Herrnstein Chrysler, Inc., Bart
Herrnstein and Todd Montgomery.

Dale A. Stalf, Wood & Lamping LLP, Cincinnati, Ohio, for Appellee,
Capital One Auto Finance, a division of Capital One, N.A.
_____

McFarland, P.J.

{¶1} This is an appeal from a decision by the Pike County Common

Pleas Court which granted Appellees' joint motion to compel arbitration and

stayed the below action pending arbitration.[1] On appeal, Appellant, Jamie

Fields, raises two assignments of error, contending that 1) the trial court

---

[1] The motions of Appellees were actually granted in part and denied in part, which will be more fully
discussed infra.

committed reversible error by rewriting the arbitration agreement between the parties and ordering to arbitration Appellant's claims against parties, Todd A. Montgomery and Bart Herrnstein, who were neither parties to the superseding arbitration clause, nor signatories to the arbitration agreement or contracts; and 2) the trial court committed reversible error by ordering to arbitration Appellant's claims against defendant Chrysler Group, LLC, when Chrysler Group, LLC is neither a signatory, nor a party to the contract or arbitration agreement.

{¶2} Because we conclude that the claims against the nonsignatories stemmed from the same transaction as the claims against the signatories, and because we conclude that the claims are intertwined as between the two and alleged interdependent and concerted misconduct, we find no abuse of discretion on the part of the trial court in ordering a stay and referring the matter to arbitration. Thus, both of Appellant's assignments of error are overruled. Accordingly, the decision of the trial court is affirmed.

## FACTS

{¶3} On July 10, 2010, Appellant, Jamie Fields, purchased a new, 2010 Jeep Grand Cherokee from Appellee, Herrnstein Chrysler, Inc. The vehicle purchase was financed by Capital One Auto Finance, Inc., an assignee of Herrnstein Chrysler, Inc. under the Retail Installment Sale

Contract signed by Appellant and Appellee, Herrnstein Chrysler, Inc. This contract specified that Appellee, Capital One Auto Finance, Inc. was an assignee under the terms of the agreement. The contract also contained an arbitration clause, which provided in pertinent part as follows:

> "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

{¶4} Appellant and Appellee, Herrnstein Chrysler, Inc., also executed another, separate arbitration agreement that day, entitled Agreement to Arbitrate. This agreement provided, in pertinent part, as follows:

> "By entering into this Agreement to Arbitrate ("Agreement"), Customer(s) and Dealership, including any Assignee (collectively referred to as "the Parties") agree, except as

otherwise provided in this Agreement, to settle by binding arbitration any dispute between them regarding: (1) the purchase/lease by Customer(s) of the above-referenced Vehicle; (2) any products and services purchased in conjunction with the Vehicle; (3) any financing obtained in connection with the transaction; and/or (4) any dispute with respect to the existence, scope or validity of this Agreement. Matters that the Parties agree to arbitrate include, but are not limited to, disputes related to the Retail Purchase/Retail Lease Agreement and any documents incorporated therein by reference (whether such references made in the Agreement or in the document itself), the application for and terms of financing for the transaction, the Finance/Lease Contract, any alleged promises, representations and/or warranties made to or relied upon by the Parties, and any alleged unfair, deceptive, or unconscionable acts or practices."

The Agreement to Arbitrate further provided that "[i]f any term of this Agreement conflicts with the terms of any other document or agreement between the Parties, the terms of this Agreement shall prevail." The Agreement to Arbitrate also provided that "THIS AGREEMENT IS

INCORPORATED BY REFERENCE INTO THE RETAIL

PURCHASE/RETAIL LEASE AGREEMENT."

{¶5} Within the first few months after purchasing the vehicle,

Appellant noticed paint chipping and/or peeling off of the vehicle in several

different locations. After contacting both Herrnstein Chrysler and Chrysler

Group and being unable to obtain an offer to remedy the problem that was

acceptable to Appellant, Appellant initiated a complaint in the Pike County

Court of Common Pleas, naming Appellee, Herrnstein Chrysler Inc., Todd

A. Montgomery, Bart Herrnstein, Chrysler Group, LLC, Capital One Auto

Finance, Inc. as well as the John Doe finance agents and representatives of

Herrnstein Chrysler, Inc. The named defendants all filed answers to the

complaint, asserting as a defense the fact that Appellant's claims were

required to be resolved through arbitration. After filing their answers, on

October 24, 2011, Appellees filed a joint motion to stay and compel

arbitration, citing the court to the arbitration clause contained within the

Retail Installment Sales Contract, as well as the separately executed

Agreement to Arbitrate.

{¶6} On November 10, 2011, Appellant filed a memorandum contra

the motion to stay and compel arbitration. In his motion, Appellant argued,

in part, that because the parties signed two different arbitration agreements,

which contained differing terms, that there could have been no meeting of the minds. Appellant also argued that Herrnstein Chrysler was the only signatory to the agreement. Appellees responded by arguing that the non-signatories to the arbitration agreement could enforce the agreement due to the "close relationship" between the entities involved and because the claims were "intimately founded in and intertwined with the underlying contract obligations."

{¶7} An oral hearing regarding the matter was held on January 4, 2012, and the record contains a certification by the court reporter that the hearing was recorded. However, Appellant failed to request that any transcripts be transmitted to this Court on appeal. Thus, the transcript of that hearing is not currently before us on appeal. In Appellant's bench brief, he stated that "Counsel for Defendants admitted during the January 4, 2012 hearing that the Defendant HCI's (Herrnstein Chrysler's) *Agreement to Arbitrate* trumps the arbitration clause in the Retail Installment Sales Agreement." As such, Appellant noted that "[t]he "Parties" to the *Agreement to Arbitrate* are specifically narrower than the parties as defined in the arbitration clause in the Retail Installment Sales Agreement," and argued that only the claims against Herrnstein Chrysler, a signatory, and Capital One, which was Herrnstein's assignee, should be sent to arbitration.

**{¶8}** After considering bench briefs submitted by the parties, the trial court issued a decision and journal entry on February 21, 2012. In its decision, the trial court found that the Agreement to Arbitrate was a "valid, subsisting, and enforceable agreement[,]" and further ordered as follows:

"1. That all claims pending in this action against Defendants Herrnstein Chrysler, Inc., Todd A. Montgomery, Bart Herrnstein and Capital One Auto Finance are referable to arbitration under the "Agreement To Arbitrate;" and

2. That any and all claims pending in this action against Defendant Chrysler Group, LLC and that are also pending against Defendant Herrnstein Chrysler, Inc., Todd A. Montgomery, Bart Herrnstein, and/or Capital One Auto Finance, are referable to arbitration under the "Agreement To Arbitrate;" and

3. That any and all claims pending in this action against Chrysler Group, LLC that are not also pending against either Defendant Herrnstein Chrysler, Inc., Todd A. Montgomery, Bart Herrnstein, or Capital One Auto Finance, are not referable to arbitration under the "Agreement To Arbitrate."

The trial court further ordered "that trial in this action is hereby stayed pending arbitration as to all claims referred to in paragraphs "1" and "2," above; but is not stayed as to any claims to which paragraph number "3" may apply, and this action shall proceed upon any such claims referred to in paragraph number "3."

{¶9} It is from this decision and journal entry that Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REWRITING THE ARBITRATION AGREEMENT BETWEEN THE PARTIES AND ORDERING TO ARBITRATION PLAINTIFF-APPELLANT'S CLAIMS AGAINST THE PARTIES, TODD A. MONTGOMERY AND BART HERRNSTEIN, WHO WERE NEITHER PARTIES TO THE SUPERSEDING ARBITRATION CLAUSE, NOR SIGNATORIES TO THE ARBITRATION AGREEMENT OR CONTRACTS.

II.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING TO ARBITRATION PLAINTIFF-APPELLANT'S CLAIMS AGAINST DEFENDANT CHRYSLER GROUP, LLC, WHEN CHRYSLER GROUP, LLC IS NEITHER A SIGNATORY, NOR A PARTY TO THE CONTRACT OR ARBITRATION AGREEMENT."

ASSIGNMENTS OF ERROR I AND II

{¶10} As Appellant's assignments of error are interrelated, we will address them in conjunction with one another.  In his first assignment of error, Appellant contends that the trial court committed reversible error by

"rewriting" the arbitration agreement and ordering to arbitration his claims against parties, Todd A. Montgomery and Bart Herrnstein, who he claims were neither parties to the superseding arbitration clause, nor signatories to the arbitration agreement or contracts. In his second assignment of error, Appellant contends that the trial court committed reversible error by also ordering to arbitration his claims against Chrysler Group, LLC, when Chrysler Group, LLC is neither a signatory, nor a party to the contract or arbitration agreement. Appellant contends that the second arbitration agreement that he signed, which did not include Montgomery, Herrnstein (individually), or Chrysler Group, LLC, superseded the first agreement he signed, which did include these individuals and/or entities. A review of the record reveals that the trial court agreed, and specifically stated in its decision that the second agreement was valid and enforceable. Appellant argues, however, that the trial court essentially rewrote the arbitration agreement between the parties when it included other parties who were neither signatories, nor parties to the arbitration agreement, simply because similar facts or claims existed as between them.

{¶11} Appellees contend that the trial court did not "rewrite" the arbitration agreement, but instead relied upon the doctrine of estoppel in reaching its decision. As such, Appellee contends that the only issue on

appeal is whether the trial court abused its discretion in applying an alternative estoppel theory to compel this result. Appellant, in his reply brief, seems to agree that this is the proper issue to be determined on appeal, and argues that application of this doctrine by the trial court was not warranted, as the claims brought were not intertwined.

## STANDARD OF REVIEW

{¶12} An appellate court reviews a trial court's decision to grant or to deny a motion to compel arbitration or stay the proceedings under the abuse of discretion standard. *K.M.P., Inc. v. Ohio Historical Society*, 4th Dist. No. 03CA2, 2003-Ohio-4443, ¶ 14; see, also, *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Nos. 08CA009416 & 08CA009460, 2009-Ohio-1422, ¶ 7; *River Oaks v. Krann*, 11th Dist. No.2008-L-166, 2009-Ohio-5208, ¶ 41; *Grady v. Winchester Place Nursing and Rehabilitation Ctr.*, 5th Dist. No. 08CA59, 2009-Ohio-3660, ¶ 15; *Medallion Northeast Ohio, Inc. v. SCO Medallion Healthy Homes, Ltd.*, 9th Dist. No. 23214, 2006-Ohio-6965, ¶ 6. But, see, *Bentley v. Cleveland Browns Football Co., LLC*, Cuyahoga App. No. 95921, 2011-Ohio-3390, ¶¶ 12 and 13 (noting divergent authority regarding whether an abuse-of-discretion or de novo standard is the appropriate standard of review applicable to a trial court's decision regarding a motion to stay or compel arbitration and declining to explicitly adopt either

standard).  We further note that an abuse of discretion connotes more than simply an error in judgment; rather, the court must act in an unreasonable, arbitrary, or unconscionable manner. See, e.g., *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Furthermore, when an appellate court applies the abuse of discretion standard, it may not simply substitute its judgment for that of the trial court. See, e.g., *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{**¶13**} R.C. 2711.02 embodies Ohio's public policy to favor arbitration and requires courts to stay an action if the issue involved falls under an arbitration agreement. See *ABM Farms v. Woods*, 81 Ohio St.3d 498, 500, 692 N.E.2d 574 (1998); *Gerig v. Kahn*, 95 Ohio St.3d 478, 482, 2002-Ohio-2581, 769 N.E.2d 381; *Tomovich v. USA Waterproofing & Foundation Services, Inc.*, 9th Dist. No. 07CA9150, 2007-Ohio-6214, ¶ 8; citing *Schaefer v. Allstate Co.*, 63 Ohio St.3d 708, 711, 590 N.E.2d 1242 (1992). R.C. 2711.02(B) provides:

> "If any action is brought upon any issue referable to arbitration
> under an agreement in writing for arbitration, the court in which
> the action is pending, upon being satisfied that the issue
> involved in the action is referable to arbitration under an
> agreement in writing for arbitration, shall on application of one

of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶14} Thus, R.C. 2711.02 requires a court to stay the trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, (2) the court is satisfied the issue is referable to arbitration under the written agreement, and (3) the applicant is not in default in proceeding with arbitration. See *Wishnosky v. Star-Lite Bldg. & Dev. Co.*, 8TH Dist. No. 77245, 2000 WL 1281830 (Sept. 7, 2000); *MGM Landscaping Contrs., Inc. v. Berry*, 9th Dist. No. 19426 (Mar. 22, 2000).

{¶15} "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.' " *Kellogg v. Griffiths Health Care Group*, 3rd Dist. No. 9-10-59, 2011-Ohio-1733, ¶ 23, quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633, 105 S.Ct. 3346 (1985). "Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute." *Schaefer* at 712; see, also, *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-54, 908 N.E.2d 408. Thus, "if a dispute even

arguably falls within the [parties'] arbitration provision, the trial court must stay the proceedings until arbitration has been completed." *Tomovich* at ¶ 8; citing *Featherstone* at ¶ 5.

{¶16} Generally, " ' parties who have not agreed to arbitrate their disputes cannot be forced to forego judicial remedies.' " *Short v. Resource Title Agency, Inc.*, 8th Dist. No. 95839, 2011-Ohio-1577, ¶ 13; quoting *Cleveland-Akron-Canton Adverstising Coop. v. Physicians Weight Loss Ctrs. of Am., Inc.*, 184 Ohio App.3d 805, 2009-Ohio-5699, 922 N.E.2d 1012, ¶ 14; citing *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579. However, there are certain instances when equity demands that parties who have not agreed to arbitration may be forced to do so when "ordinary principles of contract and agency" require. Id. at ¶ 14; citing *McAllister Bros., Inc. v. A & S Transp. Co.,* 621 F.2d 519, 524 (C.A.2, 1980).

{¶17} Under an equitable estoppel theory, "a nonsignatory who knowingly accepts the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate." *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4, ¶ 13. While that scenario is not applicable sub judice, as noted in *Sports I*, several federal circuits have also recognized an "alternate estoppel theory" whereby "arbitration

may be compelled by a nonsignatory against a signatory due to the 'close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract * * * and [the fact that] the claims were "intimately founded in and intertwined with the underlying contract obligations." ' " Id. at ¶ 14, 813 N.E.2d 4, quoting *Thomson-CSF, S.A. v. Am. Arbitration Assn.*, 64 F.3d 773, 779, (C.A.2, 1995); quoting *Sunkist Soft Drinks, Inc. v. Sunkist Growers*, 10 F.3d 753, 757, (C.A.11, 1993). For instance, under this theory, because an individual defendants' allegedly wrongful acts relate to their actions as agents of a company that was a party to an arbitration agreement, the nonsignatory agents should also have the benefit of the arbitration agreement made by their principal. See, e.g., *Genaw v. Lieb*, 2d Dist. No. Civ.A. 20593, 2005-Ohio-807.

{¶18} As set forth in *I Sports*, supra, at ¶ ¶ 16, 17 and 20: "Where estoppel has been extended to 'intertwined claims,' it is generally applied in two circumstances: (1) where a signatory must rely on the terms of the written agreement in asserting claims against a nonsignatory and (2) where the signatory alleges substantially interdependent misconduct by both the nonsignatory and one or more signatories to the contract. *Grigson v. Creative Artists Agency, L.L.C.* (C.A.5, 2000), 210 F.3d 524, 527, quoting

*MS Dealer Serv. Corp v. Franklin* (C.A.11, 1999), 177 F.3d 942, 947.

Whether equitable estoppel should be applied will turn on the facts of each

case.  *Grigson*, 210 F.3d at 527.”

{¶19} Under the first circumstance for "intertwined claims," equitable

estoppel binds a nonsignatory to an arbitration clause only when the

signatory to the written agreement "must rely on the terms of the written

agreement in asserting its claims against the nonsignatory." *Hill v. G.E.*

*Power Sys., Inc.* (C.A.5, 2002), 282 F.3d 343. It is not sufficient that the

plaintiff's claims "touch matters" concerning the agreement or that the

claims are "dependent upon" the agreement. Id. at 348–349.

* * *

The second circumstance under which equitable estoppel is applied arises

when the signatory to the contract alleges "substantially interdependent and

concerted misconduct by both the nonsignatory and one or more of the

signatories to the contract." *Hill*, 282 F.3d at 348.”

LEGAL ANALYSIS

{¶20} As set forth above, this matter stems from Appellant's purchase

of a new vehicle from Herrnstein Chrysler, Inc., which developed a paint

problem within a few months after purchase.  Specifically, the paint on the

vehicle began to chip and peel from several different locations.  When

Appellant was unable to reach a satisfactory resolution to this problem with either the dealer or the manufacturer, Appellant filed a lawsuit, naming Herrnstein Chrysler, Inc., Todd A. Montgomery, Bart Herrnstein, Chrysler Group, LLC, Capital One Auto Finance, Inc., and other John Doe finance agents and representatives of Herrnstein Chrysler, Inc. as defendants in the complaint.

{¶21} In his complaint, Appellant initially set forth a twenty-eight paragraph section entitled "Common Facts," which alleged that defendants Herrnstein Chrysler, Inc., Chrysler Group, Bart Herrnstein as well as the John Doe financing agents and employees were all "Defendants Suppliers" for purposes of the agreement between the parties. Appellant further alleged that at all times, "Defendants Suppliers" were acting as "dealers" while dealing with him and further that Chrysler Group and Herrnstein Chrysler were both in the business of supplying automobiles in the State of Ohio and providing warranties for new automobiles. Appellant further alleged in the common facts section that he was forced to hire legal counsel to seek redress as a result of "Defendants Suppliers' misconduct."

{¶22} Appellant's complaint went on to allege claims based upon the Consumer Sales Practices Act, deceptive trade practices, breach of express warranties, breach of implied warranties, the Equal Credit Opportunity Act,

negligence, and unjust enrichment. In his first claim for relief based upon the Consumer Sales Practices Act, Appellant alleged that all defendants, with the exception of Capital One, knowingly committed unfair and deceptive acts by misrepresenting the quality of the vehicle and the warranty, and by failing to honor the term of the warranty. Likewise, Appellant alleged concerted actions by the "Defendants Suppliers" in his deceptive trade practices claim (second claim), his breach of express warranties claim (third claim), and also his negligence claim (sixth claim). The remaining claims were more specific, basing the breach of implied warranty claim (claim four) on the conduct of Chrysler Group, the Equal Credit Opportunity Act claim (claim five) on the conduct of Herrnstein Chrysler, and the unjust enrichment claim (seventh claim) on the conduct of both Herrnstein Chrysler and Chrysler Group.

{¶23} Appellant does not dispute that the first, second, third, fifth, sixth and seventh claims in his complaint were properly referred to arbitration as against Herrnstein Chrysler, which was a signatory to the agreement.[2] He claims instead that it was improper to refer these claims to arbitration as against the other parties, which were not signatories to the agreement. However, as set forth above, Appellant alleges common facts

---

[2] The trial court did not refer Appellant's fourth claim, which involved breach of implied warranty as against Chrysler Group only, to arbitration. As such, that claim is not at issue on appeal.

that describe each of these defendants, except Todd Montgomery and Capital One, as "Defendants Suppliers" whose misconduct led to this lawsuit.[3]   Thus, although Appellant claims that these claims are not "intertwined" for purposes of application of the alternative estoppel theory and do not allege concerted misconduct, we disagree.

{¶24} Further, we conclude that the claims alleged by Appellant fell within the purview of the arbitration agreement, which covered the purchase of the vehicle, the financing of the vehicle, the scope and validity of the arbitration agreement, any alleged promises, representations and/or warranties made to or relied upon by the parties, as well as any alleged unfair, deceptive or unconscionable acts or practices.  We reach our decision in part based upon Appellant's own categorization of Appellees as "Defendants Suppliers" whose common actions led to the filing of the underlying lawsuit.  Our conclusion is further supported by the fact that all of Appellant's claims arise out of a single transaction, which was the purchase of a new vehicle from Herrnstein Chrysler.

{¶25} Thus, we conclude that this is one of those limited situations in which a nonsignatory may bind a signatory to an arbitration agreement.  As

---

[3] Todd Montgomery is not expressly mentioned at all in the complaint, other than in the case caption. However, it appears from the record he was an employee and/or agent of Herrnstein Chrysler who was involved in the sale of the vehicle to Appellant. Thus, he would properly be grouped into the "Defendants Suppliers" category in Appellant's complaint.  Further, Appellant does not object to the trial court's referral of claims to arbitration as against Capital One, which was an assignee of Herrnstein Chrysler.

such, we find no abuse of discretion on the part of the trial court in ordering a stay and referring the claims to arbitration as against these particular nonsignatories to the agreement.  Accordingly, we find no merit to the assignments of error raised by Appellant and the decision of the trial is affirmed.

**JUDGMENT AFFIRMED.**

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**